NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS
Assistant United States Attorney
Chief, Financial Litigation Section
LOUISA O. KIRAKOSIAN (Cal. Bar No. 271983)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-8341
     Facsimile: (213) 894-7819
     E-mail: Louisa.Kirakosian@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>ARTUR SARGSYAN, an individual; and ANAHIT SARGSYAN, an individual,<br><br>     Defendants. | No. CV 19-1883<br><br>[1:17-CR-222-TCB-1 (N.D. GA)]<br><br>**COMPLAINT FOR RELIEF AGAINST TRANSFER FRAUDULENT AS TO A DEBT OF THE UNITED STATES** |

Comes now the United States of America and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.     This is a civil action brought pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3301, *et seq.*, ("FDCPA") by the United States against Defendants Artur Sargsyan and Anahit Sargsyan to collect upon the criminal judgment entered against Artur Sargsyan in *United States v. Artur Sargsyan*, Case No. 1:17-CR-222-01-TCB (N.D. Ga.). Specifically, the United States seeks to set aside certain transfers of real properties from Artur Sargsyan to Anahit Sargsyan because the transfers constitute fraudulent conveyances as to a debt owed to the United States as set forth in 28 U.S.C. § 3304.

2.     Jurisdiction over this action is conferred by 28 U.S.C. § 1345 and 28 U.S.C. §§ 3301-3307.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred within this district and the real properties at issue are located in this district.

## PARTIES

4.     Plaintiff is the United States of America ("Plaintiff").

5.     Defendant Artur Sargsyan ("Mr. Sargsyan") is a resident of California currently in the custody of the United States Bureau of Prisons in Taft, California.  Mr. Sargsyan is the son of Defendant Anahit Sargsyan.

6.     Defendant Anahit Sargsyan ("Mrs. Sargsyan") is a California resident who resides in Glendale, California.  She is the mother of Mr. Sargsyan.

## STATEMENT OF FACTS

### I.    The Criminal Proceedings

7.     In October 2016, the United States notified Mr. Sargsyan that he was under investigation and the impending criminal prosecution against him.  Over the course of the subsequent months, the United States & Mr. Sargsyan, by and through his counsel,

negotiated a date for a waiver of criminal indictment and an initial appearance.

8.      On August 14, 2017, Mr. Sargsyan was charged with violating 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. §§ 2319(b)(1) and (2) for operating several file-sharing websites which facilitated the unauthorized distribution of copyrighted works in *United States v. Artur Sargsyan*, Case No. 1:17-CR-222-01-TCB (N.D. Ga.).

9.      On September 1, 2017, Mr. Sargsyan pleaded guilty to one count of criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A).  A true and correct copy of the Guilty Plea and Plea Agreement in *United States v. Sargsyan*, Case No. 1:17-CR-0222-TCB, is attached hereto as **Exhibit A**.

10.     On March 22, 2018, the Northern District of Georgia court sentenced Mr. Sargsyan to a 60-month term of imprisonment and ordered him to pay $458,200.00 in restitution, due immediately.  A true and correct copy of the Court's Judgment and Commitment Order dated March 22, 2018, is attached hereto as **Exhibit B**.

11.     Mr. Sargsyan has not made any payments towards the restitution obligation, which is currently $462,366.00, which includes interest.

## II.    The Fraudulent Transfers

12.     Shortly prior to Mr. Sargsyan's initial appearance on August 14, 2017, he transferred four of his properties on July 19, 2017, as further described herein.

### A.    Hartland Street Property

13.     Mr. Sargsyan acquired title to property commonly known as 13362 Hartland Street in Van Nuys, California ("Hartland Street Property"), by an April 15, 2010 grant deed executed by his mother, Mrs. Sargsyan, transferring the property to Mr. Sargsyan and Ms. Luiza Sargsyan ("2010 Hartland Street Deed"), and a subsequent March 15, 2011 quitclaim deed through which Luiza Sargsyan transferred her share of the property to him for consideration.  A true and correct copy of the 2010 Hartland Street Deed, as recorded in the Official Records of Los Angeles County ("Official Records"), is attached hereto as **Exhibit C**, and a true and correct copy of the 2011 Hartland Street Deed, as recorded in the Official Records, is attached hereto as **Exhibit D**.

2

14.     On July 19, 2017, less than a month before he was charged with violating 17 U.S.C. §506(a)(1)(A), Defendants perfected the transfer of title to the Hartland Street Property by recording a deed back to Mr. Sargsyan's mother, Mrs. Sargsyan, for no consideration ("2017 Hartland Street Deed").  A true and correct copy of the 2017 Hartland Street Deed, as recorded in the Official Records, is attached hereto as **Exhibit E**.  The legal description in the deed for the Hartland Property was corrected and recorded on April 2, 2018.  A true and correct copy of this correction, as recorded in the Official Records, is attached hereto as **Exhibit F**.

15.     On April 5, 2016, Mr. Sargsyan secured a mortgage on the Hartland Street Property, and to date, Mr. Sargsyan remains liable for the mortgage payments.

### B.     Louise Street Property

16.     On May 8, 2013, Mr. Sargsyan acquired title to property commonly known as 605 Louise Street, Unit 313, in Glendale, California ("Louise Street Property"). The deed reflecting this transaction was recorded on June 13, 2013 ("2013 Louise Street Deed").  A true and correct copy of the 2013 Louise Street Deed, as recorded in the Official Records, is attached hereto as **Exhibit G**.

17.     On July 19, 2017, less than one month before Defendant was charged with violating 17 U.S.C. §506(a)(1)(A),  Defendants perfected the transfer of title to the Louise Street Property by recording a deed from Mr. Sargsyan to his mother, Mrs. Sargsyan, for no consideration ("2017 Louise Street Deed"). A true and correct copy of the 2017 Louise Street Deed, as recorded in the Official Records, is attached hereto as **Exhibit H**.

18.     On June 7, 2013, Mr. Sargsyan secured a mortgage on the Louise Street Property, and to date remains liable for the mortgage payments.

### C.     Branford Street Property

19.     On December 4, 2014, Mr. Sargsyan acquired title to property commonly known as 12990 Branford Street, Unit O in Pacoima, California ("Branford Street Property"). The deed reflecting this transaction was recorded on February 12, 2015

3

("2015 Branford Deed").  A true and correct copy of this 2015 Branford Deed, as recorded in the Official Records of Los Angeles County, California ("Official Records") is attached hereto as **Exhibit I**.

20.    On July 19, 2017, less than one month before Defendant was charged with violating 17 U.S.C. §506(a)(1)(A),  Defendants perfected the transfer of title to the Branford Street Property by recording a deed from Mr. Sargsyan to his mother, Mrs. Sargsyan, for no consideration ("2017 Branford Street Deed"). A true and correct copy of the 2017 Branford Street Deed, as recorded in the Official Records, is attached hereto as **Exhibit J**.

21.    On December 4, 2014, Mr. Sargsyan secured a mortgage on the Branford Street Property, and to date remains liable for the mortgage payments.

### D.    Sheldon Street Property

22.    On December 19, 2016, Mr. Sargsyan purchased property commonly known as 11693 Sheldon Street, Suite 2 in Sun Valley, California ("Sheldon Street Property").  The deed reflecting this transaction was recorded on December 29, 2016 ("2016 Sheldon Street Deed"). A true and correct copy of the 2016 Sheldon Street Deed, as recorded in the Official Records, is attached hereto as **Exhibit K**.

23.    On July 19, 2017, less than one month before Defendant was charged with violating 17 U.S.C. §506(a)(1)(A),  Defendants perfected the transfer of title to the Sheldon Street Property by recording a deed from Mr. Sargsyan to his mother, Mrs. Sargsyan, for no consideration ("2017 Sheldon Street Deed"). A true and correct copy of the 2017 Sheldon Street Deed, as recorded in the Official Records, is attached hereto as **Exhibit L**.

24.    On December 21, 2016, Mr. Sargsyan secured a mortgage on the Sheldon Street Property, and to date remains is liable for the mortgage payments.

///

///

///

**FIRST CLAIM FOR RELIEF**
**Avoidance of the Fraudulent Transfer made with Actual Intent**
**of Hartland Street Property**
as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(A)
(Against All Defendants)

25.    The United States realleges and incorporates herein by reference all preceding paragraphs of this Complaint.

26.    Mr. Sargsyan transferred his interest in the Hartland Street Property on July 19, 2017 to his mother, Mrs. Sargsyan with the actual intent to hinder, delay, or defraud the United States in its efforts to collect a debt.

27.    When Mr. Sargsyan transferred his interests in the Hartland Street Property to his mother on July 19, 2017, Mr. Sargsyan had actual knowledge that he was being investigated by federal law enforcement for violation of federal criminal laws regarding copyright infringement.

28.    Mrs. Sargsyan, to whom Mr. Sargsyan transferred the Hartland Street Property, qualifies as an "insider," as she is his mother.

29.    On April 5, 2016, Mr. Sargsyan secured a mortgage on the property and to date, Mr. Sargsyan continues to be responsible for the mortgage note for the Hartland Street Property.

30.    Mr. Sargsyan transferred his interest in the Hartland Street Property to his mother for no consideration and received nothing of reasonably equivalent value in exchange.

31.    The transfer of Mr. Sargsyan's interest in the Hartland Street Property, and others identified in this complaint, effectively rendered him insolvent.

**SECOND CLAIM FOR RELIEF**
**Avoidance of the Fraudulent Transfer made with Actual Intent**
**of Louise Street Property**
as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(A)
(Against All Defendants)

32.    The United States realleges and incorporates herein by reference all

5

preceding paragraphs of this Complaint.

33.   Mr. Sargsyan transferred his interest in the Louise Street Property on July 19, 2017 to his mother, Mrs. Sargsyan with the actual intent to hinder, delay, or defraud the United States in its efforts to collect a debt.

34.   When Mr. Sargsyan transferred his interests in the Louise Street Property to his mother on July 19, 2017, Mr. Sargsyan had actual knowledge that he was being investigated by federal law enforcement for violation of federal criminal laws regarding copyright infringement.

35.   Mrs. Sargsyan, to whom Mr. Sargsyan transferred the Louise Street Property, qualifies as an "insider," as she is his mother.

36.   On June 7, 2013, Mr. Sargsyan secured a mortgage on the property and to date, Mr. Sargsyan continues to be responsible for the mortgage note for the Louise Street Property.

37.   Mr. Sargsyan transferred his interest in the Louise Street Property to his mother for no consideration and received nothing of reasonably equivalent value in exchange.

38.   The transfer of Mr. Sargsyan's interest in the Louise Street Property, and others identified in this complaint, effectively rendered him insolvent.

**THIRD CLAIM FOR RELIEF**
**Avoidance of the Fraudulent Transfer made with Actual Intent**
**of Branford Street Property**
as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(A)
(Against All Defendants)

39.   The United States realleges and incorporates herein by reference all preceding paragraphs of this Complaint.

40.   Mr. Sargsyan transferred his interest in the Branford Street Property on July 19, 2017 to his mother, Mrs. Sargsyan with the actual intent to hinder, delay, or defraud the United States in its efforts to collect a debt.

41.   When Mr. Sargsyan transferred his interests in the Branford Street Property

1  to his mother on July 19, 2017, Mr. Sargsyan had actual knowledge that he was being
2  investigated by federal law enforcement for violation of federal criminal laws regarding
3  copyright infringement.

4      42.    Mrs. Sargsyan, to whom Mr. Sargsyan transferred the Branford Street
5  Property, qualifies as an "insider," as she is his mother.

6      43.    On December 4, 2014, Mr. Sargsyan secured a mortgage on the property
7  and to date, Mr. Sargsyan continues to be responsible for the mortgage note for the
8  Branford Street Property.

9      44.    Mr. Sargsyan transferred his interest in the Branford Street Property to his
10  mother for no consideration and received nothing of reasonably equivalent value in
11  exchange.

12      45.    The transfer of Mr. Sargsyan's interest in the Branford Street Property, and
13  others identified in this complaint, effectively rendered him insolvent.

14
## FOURTH CLAIM FOR RELIEF
15  **Avoidance of the Fraudulent Transfer made with Actual Intent**
**of the Sheldon Street Property**
16  as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(A)
17  (Against All Defendants)

18      46.    The United States realleges and incorporates herein by reference all
19  preceding paragraphs of this Complaint.

20      47.    Mr. Sargsyan transferred his interest in the Sheldon Street Property on July
21  19, 2017 to his mother, Mrs. Sargsyan with the actual intent to hinder, delay, or defraud
22  the United States in its efforts to collect a debt.

23      48.    When Mr. Sargsyan transferred his interests in the Sheldon Street Property
24  to his mother on July 19, 2017, Mr. Sargsyan had actual knowledge that he was being
25  investigated by federal law enforcement for violation of federal criminal laws regarding
26  copyright infringement.

27      49.    Mrs. Sargsyan, to whom Mr. Sargsyan transferred the Sheldon Street
28  Property, qualifies as an "insider," as she is his mother.

50.     On December 21, 2016, Mr. Sargsyan secured a mortgage on the property and to date, Mr. Sargsyan continues to be responsible for the mortgage note for the Sheldon Street Property.

51.     Mr. Sargsyan transferred his interest in the Sheldon Street Property to his mother for no consideration and received nothing of reasonably equivalent value in exchange.

52.     The transfer of Mr. Sargsyan's interest in the Sheldon Street Property, and others identified in this complaint, effectively rendered him insolvent.

### FIFTH CLAIM FOR RELIEF
**Avoidance of Constructive Fraudulent Transfer of Hartland Street Property**
as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(B)(ii)
(Against All Defendants)

53.     The United States realleges and incorporates herein by reference all preceding paragraphs of this Complaint.

54.     Mr. Sargsyan did not receive anything of reasonably equivalent value in exchange for the transfer of his interest in the Hartland Street Property.

55.     At the time of the transfer of Mr. Sargsyan's interest in the Hartland Street Property, Mr. Sargsyan should have known of the investigation into his criminal conduct and, therefore, reasonably should have believed that he would incur a substantial debt beyond his ability to pay after he transferred the Hartland Street and other properties.

### SIXTH CLAIM FOR RELIEF
**Avoidance of Constructive Fraudulent Transfer of Louise Street Property**
as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(B)(ii)
(Against All Defendants)

56.     The United States realleges and incorporates herein by reference all preceding paragraphs of this Complaint.

57.     Mr. Sargsyan did not receive anything of reasonably equivalent value in exchange for the transfer of his interest in the Louise Street Property.

58.     At the time of the transfer of Mr. Sargsyan's interest in the Louise Street

Property, Mr. Sargsyan should have known of the investigation into his file-sharing activities and, therefore, reasonably should have believed that he would incur a substantial debt beyond his ability to pay after he transferred the Louise Street and other properties.

## SEVENTH CLAIM FOR RELIEF
### Avoidance of Constructive Fraudulent Transfer of Branford Street Property
as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(B)(ii)
(Against All Defendants)

59.    The United States realleges and incorporates herein by reference all preceding paragraphs of this Complaint.

60.    Mr. Sargsyan did not receive anything of reasonably equivalent value in exchange for the transfer of his interest in the Branford Street Property.

61.    At the time of the transfer of Mr. Sargsyan's interest in the Branford Street Property, Mr. Sargsyan should have known of the investigation into his file-sharing activities and, therefore, reasonably should have believed that he would incur a substantial debt beyond his ability to pay after he transferred the Branford Street and other properties.

## EIGHTH CLAIM FOR RELIEF
### Avoidance of Constructive Fraudulent Transfer of Sheldon Street Property
as to a Debt of the United States – 28 U.S.C. § 3304(b)(1)(B)(ii)
(Against All Defendants)

62.    The United States realleges and incorporates herein by reference all preceding paragraphs of this Complaint.

63.    Mr. Sargsyan did not receive anything of reasonably equivalent value in exchange for the transfer of his interest in the Sheldon Street Property.

64.    At the time of the transfer of Mr. Sargsyan's interest in the Sheldon Street Property, Mr. Sargsyan should have known of the investigation into his file-sharing activities and, therefore, reasonably should have believed that he would incur a substantial debt beyond his ability to pay after he transferred the Sheldon Street and

other properties.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that this Court:

A.     Declare that Mr. Sargsyan's July 19, 2017 transfers of the Hartland Street Property, Louise Street Property, Branford Street Property, and the Sheldon Street Property, were fraudulent transfers as to the United States;

B.     Order that the Mr. Sargsyan's transfers of the Hartland Street Property, Louise Street Property, Branford Street Property, and the Sheldon Street Property are void pursuant to 28 U.S.C. § 3306, and that title to these properties is restored in Defendant's name as follows: Artur Sargsyan, a married man, as his sole and separate property;

C.     Order Mrs. Sargsyan to execute grant deeds sufficient to transfer Mr. Sargsyan's interests back to Mr. Sargsyan of the Hartland Street Property, Louise Street Property, Branford Street Property, and the Sheldon Street Property;

D.     Assess a surcharge on Mr. Sargsyan pursuant to 28 U.S.C. § 3011(a);

E.     Award the United States its costs and fees;

F.     Order any and all equitable remedies to which the United States may be entitled; and

///
///
///
///
///
///
///
///
///
///

1    G.    Order any and all other relief to which the United States may be entitled.

2

3    Dated: March 14, 2019                     Respectfully submitted,

4                                              NICOLA T. HANNA
                                               United States Attorney
5                                              DAVID M. HARRIS
                                               Assistant United States Attorney
6                                              Chief, Civil Division
                                               INDIRA J. CAMERON-BANKS
7                                              Assistant United States Attorney
                                               Chief, Financial Litigation Section
8
                                                    /s/
9                                              _____
                                               LOUISA O. KIRAKOSIAN
                                               Assistant United States Attorney
10
                                               Attorneys for Plaintiff
11                                             United States of America

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28